UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHERVIN BEYGI,

        Plaintiff,

v.

U.S. DEPARTMENT OF STATE;
U.S. EMBASSY IN ABU DHABI,
UNITED ARAB EMIRATES;
ANTONY BLINKEN, U.S. Secretary
of State; and MARTINA A. STRONG,
U.S. Ambassador,

        Defendants.

C24-0504 TSZ

ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, docket no. 11. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

On November 24, 2021, Plaintiff Shervin Beygi ("Plaintiff") filed Form I-130s on behalf of his parents, Iranian nationals Fereshteh Kaveh Haghighi ("Haghighi") and Mahmoud Ahmadbeigi ("Ahmadbeigi"). Compl. at ¶¶ 12, 13 (docket no. 1). Plaintiff states that he must provide care for his father, Ahmadbeigi, who has a long history of

ORDER - 1

1  heart disease and the type of medical care his father needs is not available in Iran.
2  *Id.* at ¶ 19. On September 28, 2023, the United States Department of State ("State
3  Department") interviewed Haghighi and Ahmadbeigi. *Id.* at ¶ 17. Plaintiff alleges that
4  since the interviews took place, the State Department "has refused to issue a decision on
5  these cases." *Id.* at ¶ 25.
6       On April 15, 2024, about seven months after the interviews, Plaintiff commenced
7  this action against the State Department, et al. (the "Defendants"), arguing the
8  immigration visas have been unlawfully withheld and unreasonably delayed, and
9  requesting this Court compel Defendants to complete all administrative processing of the
10 visa applications within sixty ("60") days, and compel Defendants to issue immigration
11 visas to Haghighi and Ahmadbeigi, pursuant to the Mandamus Act, 28 U.S.C. § 1361, the
12 Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 555(b) and 706(1), and the Due
13 Process Clause of the Fifth Amendment of the United States Constitution. Compl. at 5-8.
14 On June 28, 2024, Defendants filed a Motion to Dismiss pursuant to Federal Rules of
15 Civil Procedure (FRCP) 12(b)(6).
16       In connection with its Motion to Dismiss, the State Department has filed a
17 declaration of Matthew McNeil, Attorney-Adviser at the U.S. Department of State,
18 stating that, on September 28, 2023, the applications for both Haghighi and Ahmadbeigi
19 were refused under the Immigration and Nationality Act (INA) § 221(g), 8 U.S.C.
20 § 1201(g), and additional security screening was required. McNeil Decl. at ¶ 8 (docket
21 no. 12). As of June 27, 2024, the date of McNeil's declaration, both applications remain
22 "refused."
23

**Discussion**

    A.    **Legal Standard**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *Id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Twombly*, 550 U.S. at 570. If the Court considers matters outside the complaint, it must convert the motion into one for summary judgment. FRCP 12(d). If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

    B.    **Analysis**

Under the APA, a court may compel an agency to act "within a reasonable time," 5 U.S.C. § 555(b), if that action is "unlawfully withheld or unreasonably delayed."

ORDER - 3

5 U.S.C. § 706(1).[1] To determine whether agency delays are unreasonable under the APA, the Ninth Circuit applies the factors set forth in *Telecommunications Research & Action Center* ("*TRAC*") *v. Federal Communications Commission*, 750 F.2d 70 (D.C. Cir. 1984). *See Chang v. U.S. Dep't of State*, No. C23-1918, 2024 WL 3161895, at *2 (W.D. Wash. June 25, 2024).

District courts have original jurisdiction over any mandamus action intended to compel an officer or an employee of an agency to perform a duty owed to a plaintiff. 28 U.S.C. § 1361. Mandamus is considered an "extraordinary remedy" that only applies to nondiscretionary duties. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

In this case, Plaintiff argues that the seven-month period from Haghighi's and Ahmadbeigi's visa interviews to the commencement of this action is an unreasonable amount of time for an agency to fail to issue immigration visas. Plaintiff also argues Defendants have been unable to "provide a reasonable and just framework of adjudication" of immigration visas in violation of the Due Process Clause of the Fifth Amendment and Plaintiff is entitled to seek redress.

Plaintiff's claims must be dismissed for two reasons. First, both visa applications have already been adjudicated when they were refused on September 28, 2023, and there is no mandatory, nondiscretionary duty to readjudicate them. *See Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *3–4 (D.C. Cir. July 24, 2024) (concluding that the

---

[1] "The State Department is indisputably an 'agency' for purposes of the APA." *Yavari v. Pompeo*, No. 19-CV-2524, 2019 WL 6720995, at *5 (C.D. Cal. Oct. 10, 2019).

ORDER - 4

government is not required to adjudicate a visa application once it has been refused); *see also Chang*, 2024 WL 3161895, at *2.

Second, even if Defendants had a duty to readjudicate the visa applications, the seven-month delays here are not unreasonable under 5 U.S.C. § 706(1) of the APA. Viewing all facts alleged in the complaint in the light most favorable to the non-moving party, the State Department's alleged delay is not so egregious as to warrant mandamus. *In re Core Communications, Inc.*, 531 F.3d 849 (D.C. Cir. 2008). In reaching this conclusion, the Court has considered the six-factor test set forth in *TRAC*,[2] and concludes, as a matter of law, that the State Department's actions were not unreasonably delayed.

Regarding the due process violation claim, the Court agrees with Defendants that it is unclear whether Plaintiff alleges a violation of substantive or procedural due process. Plaintiff claims the "combined delay and failure to act" has violated his due process rights, but this argument does not suffice because it is "devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The Court also agrees that Plaintiff states no constitutional violation, nor can he. Plaintiff does not have a "fundamental liberty interest" in his parents "being admitted to the country." *Department of State v. Muñoz*, 602 U.S. 899, 909 (2024); *see also Durham v. Blinken*, No. CV 24-02868, 2024 WL 3811146, at *6 (C.D. Cal. Aug. 8, 2024) (finding

---

[2] The first *TRAC* factor is considered the "most important" factor. *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 816 (D.C. Cir. 2024) (internal quotations omitted). The factors are weighed holistically by the courts. *See Barker v. U.S. Citizenship & Immigr. Servs.*, No. 23CV597, 2023 WL 7107257, at *5 (C.D. Cal. Sept. 11, 2023).

that a plaintiff does not have procedural due process rights in the visa proceedings of others). The due process claim is dismissed for failure to state a claim upon which relief can be granted. *See Chang*, 2024 WL 3161895, at *3.

Generally, a complaint dismissed pursuant to Rule 12(b)(6) should be dismissed without prejudice and with leave to amend. *Lopez*, 203 F.3d at 1130. If the Court "determines that the pleading could not possibly be cured by the allegation of other facts," then it may dismiss the complaint without leave to amend. *Id*. (internal citation omitted). In this case, Plaintiffs' request that the State Department adjudicate the visas must be dismissed with prejudice because Haghighi's and Ahmadbeigi's visas have already been adjudicated. Plaintiff's unreasonable delay claim must be dismissed with prejudice because "for a claim for unreasonable delay to survive, the [State Department] must have a statutory duty in the first place." *San Francisco Baykeeper v. Whitman*, 297 F.3d 877, 885 (9th Cir. 2002). Plaintiff's due process claim must be dismissed with prejudice because he does not have a liberty interest in his parents' visa applications. *See Muñoz*, 602 U.S. 899.

**Conclusion**

The Defendants' Motion to Dismiss pursuant to FRCP 12(b)(6), docket no. 11, is GRANTED. Plaintiff's complaint is DISMISSED with prejudice.

Dated this 22nd day of November, 2024.

Thomas S. Zilly
United States District Judge

ORDER - 6